UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE SCHOEDINGER, M.D., and ) | |
| SIGNATURE HEALTH SERVICES, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:04cv664 SNL |
| ) | |
| UNITED HEALTHCARE OF THE ) | |
| MIDWEST, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiffs George Schoedinger and Signature Health Services brought suit against Defendant United Healthcare of the Midwest. Plaintiffs brought several claims against the Defendant, among them was a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq*. The case was heard by this Court on May 16-17, 2006. At the close of Plaintiffs' case, Defendant moved for judgment as a matter of law. The Court found that Plaintiffs failed to state a prima facie claim under RICO, and granted Defendant's request as to this Count. The Court issues this memorandum in support of its findings.

RICO "makes it 'unlawful for any person employed by or associated with any enterprise … to conduct or participate … in the conduct of such enterprise's affairs' through the commission of two or more statutorily defined crimes – which RICO calls 'a pattern of racketeering activity.'" *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 160, 121 S. Ct. 2087, 150 L. Ed. 2d 198 (2001) (citing 18 U.S.C. § 1962(c)). Here, Plaintiffs alleged that Defendant engaged in wire and mail

1

fraud, 18 U.S.C. § 1341, which is a statutorily defined predicate act under RICO. 29 U.S.C. § 1961(1)(B).

To have standing to bring a claim under RICO, a plaintiff must have been "injured in his business or property by reason of" a RICO violation. 18 U.S.C. § 1964(c). "The 'by reason of' language requires the plaintiff to demonstrate that the defendant's racketeering activity was the proximate cause of its injury." *Appletree Square I, Ltd. P'ship v. W.R. Grace & Co.*, 29 F.3d 1283, 1286 (8th Cir. 1994) (citing *Holmes v. Securities Inv. Prot. Corp.*, 503 U.S. 258, 265-66, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992)). "In order to establish injury to business or property 'by reason of' a predicate act of mail or wire fraud, a plaintiff must establish detrimental reliance on the alleged fraudulent acts." *Id.* (citing *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1311 (2d Cir. 1990); *Reynolds v. East Dyer Dev. Co.*, 882 F.2d 1249, 1253 (7th Cir. 1989); *Brandenburg v. Seidel*, 859 F.2d 1179, 1188 n. 10 (4th Cir. 1988)).

At trial, Plaintiffs complained that Defendant under-paid Dr. Schoedinger for services rendered to patients with United Healthcare insurance. The witnesses described misstatements on the Explanations of Benefits (EOB), which were mailed to Plaintiffs along with payment. In calculating payments made to Dr. Schoedinger, Defendant incorrectly took discounts, and improperly reduced the amount owed to the doctor through "down coding" and "bundling." Defendant's actions, although improper, were clearly explained on the EOB's.

Signature Health Services has a department that engages in claim review. These employees review EOB's and compare them with the services performed by physicians to ensure accurate

payment by insurance companies. After hearing testimony by Plaintiffs' witnesses, it is clear that these employees did not rely on the faulty statements made in the EOB's. They checked each EOB against their own records, never assuming that the discounts taken by Defendant were correct. Because Plaintiffs did not rely on the misstatements, they do not have standing to bring a RICO action where the predicate act is wire or mail fraud. Therefore, Count VII of Plaintiffs' Second Amended Complaint is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment as a Matter of Law is **GRANTED** in part. Count VII of Plaintiff's Second Amended Complaint is **DISMISSED**.

Dated this 22nd day of May, 2006.

*/s/ Stephen N. Limbaugh*
SENIOR UNITED STATES DISTRICT JUDGE